Scott E. Davis, Esq.
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Noreen Nickerson-Cruz*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Noreen Nickerson-Cruz,<br><br>           Plaintiff,<br><br>      v.<br><br>Banner Long-Term Disability Plan, Banner Boswell Medical Center, Banner Plan Administration, Banner Health,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Noreen Nickerson-Cruz (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

1

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant Banner Boswell Medical Center (hereinafter referred to as the "Company") sponsored, subscribed to and administered an employee welfare benefit plan within the meaning of 29 U.S.C. §3(I), known as the Banner Long-Term Disability Plan (hereinafter referred to as the "Plan"), which was created to provide the Company's employees with welfare benefits.  The Company's purpose in establishing the Plan was to provide disability insurance for its employees.  Upon information and belief, based on the Plan documents, the Plan is not funded and any payment of benefits is made from the Company's "general assets."  Therefore, upon information and belief, there is no trust fund and disability benefits are paid from the Company's or another Banner entity's operating cash flow or the liquidation of other general assets.  At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the Plan Administration to an entity known as the Banner Health (hereinafter referred to as "Banner Health").

5. Upon information and belief, the Company or Plan may have delegated responsibility for the Plan and/or claim administration of the Plan to an entity known as the Banner Plan Administration (hereinafter referred to as "Administrator").  Plaintiff believes that as it relates to her claim, this Administrator functioned as the Plan and/or Claim Administrator; however, pursuant to the relevant ERISA regulation, the Company and/or

the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in the Administrator.

Regardless of which Banner entity made the decision to deny Plaintiff's claim and/or which Banner entity was responsible for paying the benefits if the claim was approved; all the entities involved in Plaintiff's claim were either owned in whole or part or controlled by a Banner company. Therefore, a structural conflict of interest existed because a Banner entity was both responsible for making each decision in Plaintiff's claim and paying the benefits if it was approved.

6. The Company, the Administrator and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Social Worker MSW on or about May 27, 2010. Plaintiff has remained disabled as that term is defined in the relevant Banner Plan continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

1      10.     Upon information and belief, Plaintiff thereafter applied for, received and
2 exhausted short term disability benefits under the relevant Banner Plan.

3      11.     Plaintiff thereafter applied for long term disability benefits under the relevant
4 Banner Plan which provides the following definition of disability:

- "…an injury or sickness of permanent or long continued duration which, directly and independently of all other causes, disables you so that you are completely prevented from engaging in any occupation. For LTD eligibility, you must have qualified for a short-term disability benefit or workers' compensation benefit for the first 182 consecutive days of your disability."

      12.     In support of her claim for long term disability benefits, Plaintiff submitted medical records and Certifications of Disability to the Administrator from her treating physicians which supported her allegation she met the Plan's relevant definition of disability.

      13.     Despite the objective medical evidence supporting Plaintiff's claim for long term disability benefits under the relevant Banner Plan, rather than finding Plaintiff disabled, the Administrator referred her to an alleged independent medical examination with a medical professional that it chose. After a superficial twenty (20) minute examination with a medical professional who did not have the requisite expertise to evaluate all of Plaintiff's disabling conditions, the Administrator's physician opined Plaintiff was able to engage in a gainful occupation and was not disabled.

      14.     Plaintiff questions the independence of the medical professional Banner chose to perform the examination and believes he may be repeatedly retained by the insurance industry, that he may derive a significant sum of money annually from performing the type of examinations as was performed in Plaintiff's case. Therefore, Plaintiff believes the medical professional retained by Defendants may have had an incentive or may have been motivated to render an opinion that was favorable to

1  Defendants in order to protect his consulting relationship with Defendants and/or the
2  insurance industry in general.

3      15.    After the examination, the Administrator notified Plaintiff in a letter dated
4  December 6, 2010 that it was denying Plaintiff's claim for disability benefits because she
5  "did not meet the definition of total disability."

6      16.    Plaintiff timely appealed the Administrator's decision to deny her benefits in
7  a letter dated April 12, 2011.  In support of her appeal, Plaintiff submitted to the
8  Administrator additional medical, vocational and lay witness evidence demonstrating she
9  met any definition of disability set forth in the relevant Banner Plan.

10     17.    In support of her appeal, Plaintiff submitted to the Administrator a Residual
11 Functional Capacity Form and a narrative letter dated April 12, 2011 from her current
12 treating board certified internist who opined, "I believe due to these conditions and the
13 resulting side effects, [Plaintiff] is unable to sustain full-time employment of any kind at this
14 time, and since she has been coming to this clinic."

15     18.    In support of her appeal, Plaintiff submitted to the Administrator a
16 Neuropsychological Evaluation, authored by a board certified neuropsychologist, dated June
17 8, 2011, who determined after an evaluation of Plaintiff that she was unable to work in any
18 occupation.

19     19.    Further supporting her appeal, Plaintiff submitted to the Administrator a
20 vocational report from a certified vocational expert dated June 20, 2011.  The vocational
21 expert concluded, "from a vocational standpoint, [Plaintiff] is unable to work in any
22 occupation at this time due to the combination of factors including extensive physical pain,
23 fatigue and the side effects of her medication.  [Plaintiff] is unable to fulfill the minimum
24 criteria for any job that may exist in the national economy given the totality of her
25 impairments."

26

20. In addition to the medical records and reports submitted to the Administrator, Plaintiff also submitted two (2) sworn affidavits from lay persons including an April 12, 2011 affidavit authored by Plaintiff's husband and an April 9, 2011 affidavit authored by Plaintiff's long time friend who both confirmed Plaintiff is unable to work in any occupation and her condition has not improved in any way since her date of disability.

21. In a letter dated June 27, 2011, the Administrator notified Plaintiff it had made a final decision to deny her claim for disability benefits and that she had exhausted her administrative remedies pursuant to ERISA.

22. Upon information and belief, the Administrator's June 27, 2011 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to reference, consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's evidence.

23. Upon information and belief, from the time the Administrator originally evaluated and approved Plaintiff's claim for long term disability benefits through the present, Plaintiff has remained unable to engage in any occupation.

24. Upon information and belief, the Administrator denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to: failing to credit Plaintiff's reliable evidence; failing to adequately investigate her claim; failing to have her examined by a medical professional who was truly independent or who had the requisite expertise to evaluate all her disabling conditions pursuant to ERISA; failing to follow the advice of Defendants' examining medical professional and failing to investigate the claim further when their medical professional suggested there were other medical tests and examinations that should be performed but were outside his scope of expertise in order to evaluate other medical conditions which could have explained or contributed to Plaintiff's inability to work; providing a one sided review of her claim that failed to consider all

evidence submitted by Plaintiff and/or de-emphasized medical evidence which supported Plaintiff's disability; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the combination of those diagnoses and impairments; failing to engage Plaintiff in a dialogue so she could submit the necessary evidence to perfect her claim and failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

25. As referenced, the Administrator failed to adequately investigate Plaintiff's claim and failed to engage Plaintiff and/or her longtime treating physicians in a dialogue during the appeal of her claim with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim. The Administrator's failure to investigate the claim and to engage in this dialogue or to obtain the evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

26. The Administrator has notified Plaintiff she has exhausted her administrative appeals.

27. In evaluating Plaintiff's claim on appeal, the Administrator had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [1]

---

[1] ERISA sets a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan. *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)). ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

28. Plaintiff believes the reason the Administrator provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to Defendants' structural conflict of interest and this conflict is a reason her benefits were terminated and her disability claim was denied.

29. Plaintiff further believes the reason the Administrator provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles the Banner entity undertook as decision maker and payor of benefits which created an inherent conflict of interest. Plaintiff believes the Administrator's conflict of interest is evident in the fact that it approved her short term disability claim and paid the maximum short term disability benefits, but when a Banner entity was confronted with the potential of paying Plaintiff for many years in her long term disability claim; the Administrator denied her long term disability claim even though Plaintiff's medical diagnoses and limitations had not changed and the short and long term disability plans contained essentially the same definition of disability. Due to its conflict of interest, when the Administrator denied Plaintiff's long term disability claim it saved the Banner entity responsible for paying those benefits a significant sum of money.

30. Plaintiff is entitled to discovery regarding the aforementioned conflict of interest and any individual or company who reviewed Plaintiff's claim or any medical professional who evaluated her and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced the decision to terminate her benefits.

31. With regard to whether Plaintiff meets the definition of disability, the Court should review the evidence in Plaintiff's claim *de novo* because the unlawful violations of

ERISA committed by the Administrator as referenced herein are flagrant. Alternatively, the Banner entity that actually made the decision to terminate Plaintiff's benefits may not have been a properly named ERISA fiduciary or properly delegated any discretionary authority.

32. As a direct result of the Administrator's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost disability benefits in addition to other potential employee benefits, including but not limited to health insurance benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

33. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

34. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order finding that Plaintiff meets any definition of disability in the long term disability Plan;

B. For an Order requiring Defendants to pay Plaintiff disability benefits from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

C. For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the Plan conditions for termination of benefits;

D. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

E. For such other and further relief as the Court deems just and proper.

DATED this 4th day of August, 2011.

SCOTT E. DAVIS. P.C.

By: */s/ Scott E. Davis*
    Scott E. Davis
    Attorney for Plaintiff